## CIRCUIT COURT OF THE CITY OF ROANOKE

Karen Hume Parker

v.

James R. Parker, Jr.

October 31, 2002

Case No. CH02-464

BY JUDGE CHARLES N. DORSEY

In the hearing this morning, Mr. Ferrance withdrew his pending notice and the only issue remaining was disposition of Ms. Knox's motion to force withdrawal of Mr. Ferrance as counsel for Ms. Parker.

In that regard, the facts are not in dispute. Mr. Ferrance was formerly a partner in a law firm with, among others, Mr. Barry Tatel. Mr. Tatel had previously represented Mr. Parker on a domestic matter pertaining to Mr. Parker's first divorce. Ms. Parker formerly worked at the same law firm, though not primarily with Mr. Tatel nor with Mr. Ferrance. Ms. Parker's mother had worked with the law firm for twenty years. Mr. Parker also once had Mr. Ferrance represent him on a minor personal injury matter. Ms. Parker was subsequently discharged as an employee of the law firm, and the actual termination was apparently performed by Mr. Ferrance and one of the other partners. There are other facts which were adduced by testimony from Ms. Parker and which were agreed upon by counsel to which I will refer separately.

Ms. Knox makes clear that there is no allegation of impropriety on the part of Mr. Ferrance, and Ms. Knox and Mr. Ferrance both properly discussed this matter prior to Ms. Knox's filing the motion in this matter, and they both agreed that Ms. Knox should properly file a motion in order to have the court rule on this issue. I specifically find that Ms. Knox properly filed a motion,

that it has not been filed for any improper or inappropriate purpose, and that, likewise, Mr. Ferrance has not resisted the motion for any improper or inappropriate purpose.

In light of the foregoing, one would assume that this is a fairly close call and I believe it is. I also believe that it might be "good practice" for Mr. Ferrance to withdraw, but that is a matter outside of my purview, and I am ruling only on the issues before me. Due to the factually dependent nature of this analysis, this opinion pertains solely to this case.

Ms. Knox in her motion, and in her argument, alleges that Mr. Ferrance's knowledge of Ms. Parker's termination of employment with his former law firm, including his knowledge of her behavior, which is alleged to be unstable and erratic, leads to the possibility that Mr. Ferrance may be called as a witness in this matter. Ms. Knox alleges that Ms. Parker's conduct is an issue in the case at bar, though Mr. Parker has not yet filed any responsive pleadings on which the issues have been joined. Nonetheless, I will assume that Ms. Parker's conduct is an issue in the case and that Mr. Ferrance may have knowledge of certain facts pertaining to that issue. Rule of Professional Conduct 3.7(b) makes clear that upon learning that a lawyer may be called as a witness, "the lawyer may continue the representation until it is apparent that the testimony is or may be prejudicial to the client." Ms. Knox has not alleged, nor argued, that Mr. Ferrance's testimony would be prejudicial to the interest of Ms. Parker. In fact, at this stage of the proceedings, I doubt that such allegation could be made. Obviously, as both Ms. Knox and Mr. Ferrance understand, should Mr. Ferrance subsequently learn or should it become apparent that his testimony is or may be prejudicial to Ms. Parker, he must withdraw.

The more difficult issue pertains to the application of Rule of Professional Conduct 1.9 relating to conflict of interest. Ms. Knox correctly focuses on sub-section (b) of that rule. However, the other two sub-parts of that rule, (a) and (c), also bear on this analysis. Pertaining to the fact that Mr. Ferrance had represented Mr. Parker in a minor personal injury cause, subsection (a) is the applicable section. That sub-section prohibits subsequent representation "in the same or a substantially related matter." I find that the present matter is not "the same or a substantially related matter" and sub-section (a) consequently is not violated. Mr. Ferrance must continue to be mindful, however, of sub-section (c) of Rule 1.9 which mandates that he may not use information gained in the course of his prior representation to the disadvantage of his former client except as specifically permitted by the Rules of Professional Conduct.

The primary thrust of Ms. Knox's motion, however, pertains to Mr. Tatel's former representation of Mr. Parker. It is on this issue that Rule 1.9(b) bears. That portion of the rule has essentially three prongs and is worded in the conjunctive. Mr. Ferrance may not knowingly represent Ms. Parker (1) "in the same or a substantially related matter" in which his prior firm had represented a client (2) "whose interests are materially adverse" to Ms. Parker *and* about whom Mr. Ferrance (3) "had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter." It is clear to me that the prior matter on which Mr. Tatel represented Mr. Parker is "a substantially related matter" for the purposes of the rule and further that Mr. Parker's interests are materially adverse to Ms. Parker's. Pertaining to the third prong of the rule, however, Ms. Parker testified that Mr. Ferrance never worked with Mr. Parker's file, a statement with which Mr. Ferrance agreed. She also testified that Mr. Tatel kept Mr. Parker's file locked in Mr. Tatel's credenza since Ms. Parker was working there at the time and Mr. Tatel was cognizant of, and sensitive to, the need to maintain strict confidentiality pertaining to that file. Apparently Ms. Parker and Mr. Parker had already begun a relationship at that time. Mr. Ferrance also stated that he had not acquired any information pertaining to Mr. Parker.

Consequently, while there are an unusual number of entanglements between Mr. Ferrance and Mr. Parker and while it may present obstacles for Mr. Ferrance to continue to observe the requirements of the rules as this case proceeds, I believe I should only rule on the issues and the facts as they presently exist. I have considered the cases which Ms. Knox has proffered, being *Stokes v. Firestone*, 156 B.R. 181 (Bankr., E.D. Va. 1993), and *Rogers v. Rogers*, 800 F. Supp. 350 (W.D. Va. 1992). Both of those cases pertain to the "old" Code of Professional Responsibility and both are distinguishable from the case at hand.

Though not "on point" a similar situation is presented in Legal Ethics Opinion 1226. For the reasons stated, I decline to grant Ms. Knox's motion but, again, commend both Ms. Knox and Mr. Ferrance for their professionalism in raising this issue.

Ms. Knox is also granted leave to file a late answer in this matter and any associated pleadings.